# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARYELLEN MURPHY MCCANN and JAMES
MCCANN,

        Plaintiffs,

        v.

SANDALS RESORTS INTERNATIONAL, Ltd.,
and SANDALS GRANDE ST. LUCIAN,

        Defendants.

CIVIL ACTION

No. 14-2208

## MEMORANDUM

YOHN, J.                                                        Feb. _11_, 2015

Maryellen and James McCann have sued Sandals Resorts International, Ltd. (Sandals

International), a Jamaican corporation, for claims arising from events that occurred in St. Lucia.

Sandals International has moved to dismiss their complaint based on lack of personal

jurisdiction. I will grant its motion because Sandals International is not subject to general

personal jurisdiction in Pennsylvania under *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).

## I.      Background[1]

In July 2012, the McCanns traveled to Sandals Grande St. Lucian (Sandals St. Lucian), a

resort hotel which is a wholly owned subsidiary of Sandals International, for their honeymoon.

Compl. ¶¶ 2, 20, 30. While there, they arranged for a speed boat tour through Simon Says, a

---

[1] I draw these facts from the McCanns' complaint and from the information uncovered by the parties through their
jurisdictional discovery.

boat company owned and operated by Sandals International and Sandals St. Lucian. *Id.* ¶ 22. When the speed boat hit a wave, Maryellen was launched into the air and crashed down onto a non-cushioned seat, causing her great pain for the rest of the trip. *Id.* ¶ 46. After returning to Pennsylvania, Maryellen learned that her back was fractured. *Id.* ¶¶ 54–55.

On April 16, 2014, the McCanns brought a diversity action in this court against Sandals International and Sandals St. Lucian. Against both defendants, Maryellen brought one count of negligence; James brought one count of loss of consortium. Sandals International and Sandals St. Lucian filed separate motions to dismiss, arguing, among other things, that this court lacks personal jurisdiction over them. I gave the McCanns ninety days to conduct jurisdictional discovery and twenty days after the close of this discovery to respond to the defendants' motions to dismiss. On November 26, 2014, the McCanns filed a timely response to Sandals International's motion to dismiss, but they never responded to Sandals St. Lucian's motion to dismiss. As a result, on January 12, 2015, I dismissed Sandals St. Lucian from the case.

That leaves only Sandals International's motion to dismiss based on lack of personal jurisdiction.[2] Sandals International is a Jamaican corporation, with its headquarters and principal place of business in Jamaica. Def.'s Mot. Dismiss, Ex. B ¶ 3 (Affidavit of Shawn Levy Dacosta). Sandals International conducts no business in Pennsylvania, nor is it authorized to do so. *Id.* ¶¶ 4–5. It has no Pennsylvania officers, employees, bank accounts, offices, or listed telephone numbers. *Id.* ¶ 6. It owns no property in Pennsylvania, pays no Pennsylvania taxes, and employs no registered agent for service of process in the state. *Id.* ¶¶ 7, 9–10. Finally, Sandals International does not directly market in Pennsylvania through any medium. *Id.* ¶ 8.

---

[2] Sandals International also argues that it should be dismissed because (1) it was not properly served; (2) the McCanns entered into a forum selection clause that requires them to litigate this dispute in St. Lucia; or (3) the doctrine of forum non conveniens weighs in favor of its dismissal. I need not address these arguments, as I will dismiss Sandals International based on lack of personal jurisdiction.

Sandals International, however, does market indirectly in Pennsylvania. Sandals International's interrogatory answers confirm that it does not conduct any marketing nor does it compensate any company's agents or persons in Pennsylvania for marketing or advertising of Sandals Resorts. Pl's Response, Ex. B, Interrog. Answers ¶¶ 5, 6. Sandals International contracts with Unique Vacations, Ltd., a Bahamian entity that serves contractually as Sandals International's representative. *Id.* ¶ 2. Unique Vacations, Ltd., in turn, subcontracts out the marketing to a different, Florida-based company, Unique Vacations, Inc. *Id.* Neither Sandals International nor Unique Vacations, Ltd. markets Sandals Resorts products. Unique Vacations, Inc., however, markets Sandals International products in Pennsylvania and employs a business development manager here. Pl.'s Response, Ex. E. At bottom, though, Sandals International and Unique Vacations, Inc. both fall under the "corporate structure" of Sandals Resorts. *See* Pl.'s Response, Ex. C ("While [Sandals International] manages the company's day-to-day operations . . . [Unique Vacations, Inc.] serves as its reservations center, travel agent liaison, and the focus of sales, marketing, mailing and collateral fulfillment, and public relations activities.").[3][4]

## II.    Standard of Review

I analyze only Sandals International's personal jurisdiction defense because it is dispositive here. "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citation omitted). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity

---

[3] The McCanns rely on various printouts from websites that Sandals International does not own or operate. The McCanns have not verified the accuracy of these non-party statements and have not authenticated the printouts.

[4] The McCanns cite a press release on www.sandals.com that states that Unique Vacations, Inc. is the brand's exclusive worldwide sales and marketing representative, based in Miami.

3

sufficient contacts between the defendant and the forum state." *Id.* (citations omitted) (internal

quotation mark omitted). "In deciding a motion to dismiss for lack of personal jurisdiction, the

Court need not treat the plaintiff's allegations as true, but may consider affidavits and weigh any

other relevant evidence in making this determination." *Davlyn Mfg. Co. v. H&M Auto Parts,*

*Inc.*, 414 F. Supp. 2d 523, 528 (E.D. Pa. 2005).

### III.    Discussion

The McCanns argue that this court has general personal jurisdiction over Sandals

International based on the Pennsylvania contacts of Unique Vacations, Inc.[5]  But even assuming

I can impute Unique Vacation, Inc.'s Pennsylvania contacts to Sandals International, a doubtful

proposition, they do not establish general jurisdiction over Sandals International in Pennsylvania.

To determine whether personal jurisdiction can be asserted over a nonresident defendant,

I first look to Rule 4(e) of the Federal Rules of Civil Procedure. *Pennzoil Prods. Co. v. Colelli &*

*Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 1998). "This rule authorizes personal jurisdiction over

non-resident defendants to the extent permissible under the law of the state where the district

court sits." *Id.* (internal quotation mark omitted).  Under Pennsylvania's long-arm statute, 42

Pa. Cons. Stat. Ann. § 5322, a Pennsylvania court may "exercise personal jurisdiction over

nonresident defendants to the constitutional limits of the due process clause of the fourteenth

amendment." *Mellon Bank*, 960 F.2d at 1221.  In short, I can exercise personal jurisdiction over

Sandals International so long as such action accords with federal due process requirements.

---

[5] As described earlier, for its marketing, Sandals International contracts with Unique Vacations, Ltd., a Bahamian
entity that in turn subcontracts out the marketing to Unique Vacations, Inc., a Florida corporation.  In their response,
the McCanns refer to the Pennsylvania contacts of "Unique Vacations, Ltd.," not Unique Vacations, Inc., but for
support they cite evidence that refers to Unique Vacations, Inc. *See, e.g.*, Pl.'s Response, Ex. C ("The hotel
company is divided between Sandals Resorts International (SRI) . . . and Unique Vacations, Inc. . . . .").  I therefore
construe their argument as one that is based on the Pennsylvania contacts of Unique Vacations, Inc.

That means the McCanns must show that Sandals is subject to either specific personal jurisdiction or general personal jurisdiction in Pennsylvania. "Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities." *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690 (3d Cir. 1990). By contrast, "[g]eneral jurisdiction is invoked when the plaintiff's cause of action arises from the defendant's non-forum related activities." *Id.* at 690 n.2. To be subject to a court's general jurisdiction, a foreign corporation must have contacts with the forum state that are "so continuous and systematic as to render [it] essentially at home [there]." *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks omitted). Since the Supreme Court's decision in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), "specific jurisdiction has become the centerpiece of modern jurisdictional theory, while general jurisdiction plays a reduced role." *Id.* at 2854 (quoting Mary Twitchell, *The Myth of General Jurisdiction*, 101 Harv. L. Rev. 610, 628 (1988)).

Here, I consider only whether Sandals International is subject to general jurisdiction in Pennsylvania. Sandals International cannot be subject to specific jurisdiction in this court because the McCanns base their causes of action on Sandals International's activities in St. Lucia, not Pennsylvania. Sandals International and the McCanns agree on this point.

They disagree, of course, over whether Sandals International is subject to general jurisdiction in this court. Sandals International claims it lacks the "continuous and systematic" contacts with Pennsylvania necessary for general jurisdiction. For example, it highlights how it neither conducts business nor advertises directly here. In response, the McCanns contend that Sandals International maintains continuous and systematic contacts through Unique Vacations, Inc., a company connected to Sandals International as follows. Sandals International contracts

with Unique Vacations, Ltd., a Bahamian entity that serves contractually as Sandals International's representative. Unique Vacations, Ltd., in turn, subcontracts out the marketing to Unique Vacations, Inc., a Florida company. Unique Vacations, Inc. markets Sandals International products in Pennsylvania and employs a business development manager here. The McCanns, in effect, invoke an agency theory of general jurisdiction by arguing that Sandals International is subject to general jurisdiction here via the Pennsylvania contacts of Unique Vacations, Inc.

In a recent case involving a similar agency argument, the Supreme Court considered the scope of general personal jurisdiction, finding that it applies only in limited circumstances. In *Daimler AG v. Bauman*, the Court held that DaimlerChrysler Aktiengesellschaft (Daimler), a German company, was not subject to general personal jurisdiction in California based on the California contacts of Mercedes-Benz USA (MBUSA), an indirect subsidiary of Daimler. 134 S. Ct. at 761.[6] Daimler, a German public company, is headquartered in Germany and makes Mercedes-Benz vehicles in Germany. *Id.* at 752. MBUSA is a Delaware limited liability corporation with its principal place of business in New Jersey. *Id.* It functions as "Daimler's exclusive importer and distributor" of Mercedes-Benz vehicles in the United States and "is the largest supplier of luxury vehicles to the California market." *Id.* To that end, it operates several California facilities, "including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine." *Id.* Given these California contacts of MBUSA, an indirect subsidiary of Daimler, the plaintiffs argued that the California district court had general personal jurisdiction over Daimler and they could sue Daimler there for alleged human rights violations that Daimler's Argentinian subsidiary had committed in Argentina.

---

[6] Neither party discusses this controlling Supreme Court case, decided months before they filed their briefs here.

The Court disagreed, even after assuming (but not deciding) that MBUSA's California contacts were imputable to Daimler. *Id.* at 760.[7]  According to the Court, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* Indeed, the Court reaffirmed that "the corporation's affiliations with the State [must be] so continuous and systematic as to render [it] essentially at home in the forum State." *Id.* at 761 (quoting *Goodyear*, 131 S. Ct. at 2851).  And save for "an exceptional case," a corporation is at home only in its "place of incorporation and principal place of business;" it cannot be at home in a state solely because it "engages in a substantial, continuous, and systematic course of business [there]." *Id.* at 760, 761 & n.19.

The Court thus held that Daimler could not be subject to general personal jurisdiction in California. *Id.* at 761–62.  Daimler is not incorporated in California; it does not operate its principal place of business there. *Id.* at 761.  Moreover, if Daimler's California contacts via MBUSA could establish general jurisdiction over Daimler in California, "the same global reach would presumably be available in every other State in which MBUSA's sales are sizable." *Id.* According to the Court, "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Id.* at 760–61, 761 n.20. (citation omitted) (internal quotation mark omitted).

Given *Daimler*, Sandals International is not subject to general jurisdiction in Pennsylvania, even if I assume that Unique Vacations, Inc.'s Pennsylvania contacts are

---

[7] The Court imputed MBUSA's California contacts to Daimler only to show that these contacts were still inadequate to establish general personal jurisdiction over Daimler in California. *See id.* ("Even if we were . . . to assume that MBUSA's contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California . . . .").  In fact, the Court essentially rejected the agency theory of general jurisdiction. *See id.* at 759–60. ("The Ninth Circuit's agency theory . . . appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the sprawling view of general jurisdiction we rejected in *Goodyear*." (internal quotation marks omitted)).

imputable to Sandals International.[8]  Sandals International is not incorporated in Pennsylvania,

nor does it have its principal place of business here.  Even more, this lawsuit is not "an

exceptional case" in which "a corporation's operations in a forum other than its formal place of

incorporation or principal place of business [are] so substantial and of such a nature as to render

the corporation at home in that State."  *Id.* at 761 n.19.  Indeed, Sandals International's

Pennsylvania contacts via Unique Vacations, Inc. do not rise to this level because they form only

part of Sandals International's worldwide activities.  *See* Pl.'s Response, Ex. C. ("Unique

Vacations, Inc. . . . [is] the brands' worldwide sales and marketing representative, located in

Miami."); *Daimler*, 134 S. Ct. at 762 n.20 ("General jurisdiction . . . calls for an appraisal of a

corporation's activities in their entirety, nationwide and worldwide.  A corporation that operates

in many places can scarcely be deemed at home in all of them.").

## IV.   Conclusion

For the forgoing reasons, I grant Sandals International's motion to dismiss based on lack

of personal jurisdiction.  An appropriate order follows.

---

[8] As the Court suggested in *Daimler*, this assumption is almost surely false.  See *supra* note 5.